# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2339 | **DATE** | March 2, 2004 |
| **CASE TITLE** | Comcast of IL v. World Wide Electronics, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for ____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)■ [Other docket entry] Plaintiff's motion for summary judgment [38-1] is granted in part and denied in part. Summary judgment is granted against World Wide Electronics, Inc. in the amount of $124,880. Plaintiff's motion for summary judgment against the defendants Juan Garcia and Maria Garcia [] is denied. ENTER MEMORANDUM OPINION.
Plaintiff's motion to amend to change the name of plaintiff [ ] is allowed. This case is set for status on March 31, 2004 at 11:00 a.m.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices MAILED by judge's staff. | | MAR 0 3 2004 | | |
| | Notified counsel by telephone. | | date docketed | 50 |
| X | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to _____ | | | | |
| KAM | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | KAM mailing deputy initials | | |

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

COMCAST OF ILLINOIS X, LLC,           )
                                      )
                    Plaintiff,        )
                                      )
     v.                               )    No. 02 C 2339
                                      )
WORLD WIDE ELECTRONICS, INC., an      )
Illinois corporation and RICHARD      )
GARCIA, individually and MARIA        )
GARCIA, individually and JUAN         )
GARCIA, individually,                 )
                                      )
                    Defendants.       )


### MEMORANDUM OPINION

This is an action brought pursuant to 47 U.S.C. § 553(a)(1),
which prohibits anyone from intercepting, receiving, or assisting
in the intercepting or receiving of any cable television
communications unless specifically authorized to do so by a cable
operator.   The plaintiff is Comcast of Illinois X, LLC, a major
cable operator.   The second amended complaint alleges that various
defendants violated the statute by selling cable subscribers
"descrambling" equipment that enabled the subscribers to receive
cable programs they had not paid for.[1]

---

[1] Cable companies provide their subscribers with legitimate descrambling
equipment, which enables the subscribers to "descramble" programs or services for
which they pay.  The defendants are charged with selling "pirate" descrambling
equipment, which achieves the same result without payment to the cable operator.

The defendant Richard Garcia owned and operated the defendant World Wide Electronics, Inc., which allegedly profited $124,880 from the sale of pirate equipment. World Wide is in default and is not represented in the case. Plaintiff has reached a settlement with the defendant Richard Garcia, and he has been dismissed from the case by agreement.

What is now before the court is plaintiff's motion for summary judgment in the amount of $124,880 against the defendants World Wide Electronics, Inc., Juan Garcia and Maria Garcia, jointly and severally. Juan and Maria Garcia are the parents of Richard Garcia. The motion also requests a separate judgment in the amount of $37,450 against the defendants Juan Garcia and Maria Garcia, jointly and severally.

We will grant the motion for summary judgment against World Wide Electronics, Inc. in the requested amount of $124,880 because there is no opposition.

The situation is altogether different, however, as to the defendants Juan and Maria Garcia. Although the complaint alleges that they participated in the selling of the pirate equipment, no such allegation is made in the motion for summary judgment or in the plaintiff's statement of uncontested facts submitted pursuant to the local rule. The sole basis asserted for the $124,880 judgment against Juan and Maria Garcia is that the defendant Juan Garcia admitted in Answers to Interrogatories that he received

checks totaling $11,756 from World Wide Electronics, Inc. in the years 2000 and 2001. (Plaintiff's Statement of Uncontested Facts, ¶ 31.) Juan and Maria Garcia did not report this money on their income tax returns. On this basis, plaintiff alleges that these defendants were "ghost employees of World Wide Electronics, Inc. and are thus jointly and severally liable for the gross revenue of World Wide Electronics, Inc. in the amount of $124,880." (Plaintiff's Memorandum in Support of Motion for Summary Judgment, at 8.)

Attached to Plaintiff's Statement of Uncontested Facts is a copy of the Answers to Interrogatories filed by Juan Garcia and Maria Garcia under penalty of perjury. In those answers (1, 2 , 3, and 14), the defendants deny that they were involved in any business activity involving electronic equipment or cable boxes and deny that they were involved in the activity alleged in plaintiff's amended complaint. In their responses to Plaintiff's Statement of Uncontested Facts, Juan and Maria Garcia state that the monies received by Juan Garcia were unrelated to the business of World Wide Electronics, Inc. and were a private matter between the defendants and their son Richard Garcia.

Plaintiff also seeks judgment against the defendants Juan and Maria Garcia in the separate amount of $37,450. This is the total amount of checks the defendants received "from the proceeds of Galaxy Electronics, Inc." (Plaintiff's Statement of Uncontested

Facts, ¶ 32.) Galaxy was another corporation (not a defendant in this case) that was allegedly engaged in the sale of pirate descrambling equipment. The company was operated by Carlos Garcia (also not a defendant in this case), another of the Garcia sons. The 14 checks totaling $37,450 were written on the account of Carlos Garcia and Guadalupe B. Bear. Apparently the basis for the allegation that the checks were "from the proceeds of Galaxy Electronics, Inc." is that Carlos Garcia owned Galaxy.

In their responses to Plaintiff's Statement of Uncontested Facts, Juan and Maria Garcia deny that the $37,450 they received from the personal checking account of their son Carlos was payment for any type of participation in Galaxy Electronics, Inc. They state that the payments were "for a private family matter."

## Discussion

Plaintiff's motion for summary judgment against Juan Garcia and Maria Garcia is frivolous. The assertion that they became "ghost employees" of World Wide Electronics, Inc., or of Galaxy Electronics, Inc., by virtue of the fact that they received some checks from World Wide and some checks from their son Juan, and failed to report the money as income on their tax returns, is a total non sequitur. The statute applies to persons who intercept or assist in the interception of unauthorized cable signals, and plaintiff has not offered a scintilla of evidence that Juan or

- 5 -

Maria Garcia did this, let alone evidence so clear that plaintiff is entitled to judgment as a matter of law.

### Conclusion

The plaintiff's motion for summary judgment against the defendants Juan Garcia and Maria Garcia is denied.


Date:       March 2, 2004

ENTER:
_____
John F. Grady, United States District Judge